UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| RYAN CIANCI and TIFFANY CIANCI, ) | |
| ) | Case No. 24-10644 |
| Debtors. ) | |
| ) | |

**RESPONSE AND LIMITED OBJECTION TO**
**MOTION TO REOPEN BANKRUPTCY CASE**

TLGI, LLC ("**TLGI**"), Unleashed Brands, LLC and Stephen Polozola (collectively, the "**Franchisor Parties**"), by their undersigned counsel, hereby submit this response and limited objection to the *Motion to Reopen Case to Enforce Discharge Injunction and Request Compensatory Damages and Sanctions* (the "**Motion to Reopen**") [Dkt. No. 50] filed by Ryan Cianci and Tiffany Cianci (collectively, the "**Debtors**"). As set forth herein, the Franchisor Parties support the reopening of the Debtors' bankruptcy case, but they object to the Debtors' request that the case be reopened for the limited purpose of considering the Debtors' request to enforce the discharge injunction.

**Factual Background**

1. As the Court is aware, the Debtors and the Franchisor Parties have been embroiled in litigation for years.

2. In May 2022, TLGI (the franchisor of The Little Gym® system) terminated the franchise of the Debtors' company, Joleyvie LLC ("**Joleyvie**"), to operate a Little Gym located in Frederick, Maryland. In response, Joleyvie and the Debtors commenced an arbitration against the Franchisor Parties contesting the termination of the franchise and asserting a variety of contract and business tort claims against the Franchisor Parties.

3.	In August 2023, following a two-week hearing, an arbitrator issued an award in favor of the Franchisor Parties.  The arbitrator concluded that Joleyvie and the Debtors, through their continued operating of a competing business, were breaching their non-competition agreement, violating TLGI's intellectual property rights, and misappropriating TLGI's confidential and proprietary information.  The arbitration award thus includes a grant of a permanent injunction by which Joleyvie and the Debtors were prohibited from (i) using The Little Gym® system and marks, (ii) using TLGI's confidential and proprietary information, (iii) being involved in any competing business within a 25-mile radius of their previous business for a period of two years, and (iv) soliciting, servicing or selling to any customer of the previous business for a period of two years.  The arbitration award also included a monetary damage award against Joleyvie and the Debtors.

4.	In January 2024, with post-arbitration proceedings pending in both Arizona and Maryland state courts, the Debtors filed their voluntary petition in this Court.

5.	On March 18, 2024, this Court entered an order [Dkt. No. 40] granting relief from the automatic stay to permit the Franchisor Parties to resume the state court proceedings arising out of the arbitration award.  In particular, the purpose of the stay relief order was to permit the Franchisor Parties to resume the state court proceedings necessary to enforce the injunctive relief provisions of the arbitration award.

6.	Consistent with the purpose of this Court's stay relief order, the Franchisor parties resumed proceedings in the Superior Court for Maricopa County, Arizona seeking confirmation of the arbitration award as a judgment.  In June 2024, the Arizona court confirmed the arbitration award in its entirety and directed the Franchisor Parties to lodge a form of judgment order.  In response to the Arizona court's direction, counsel for the Franchisor Parties sent a draft of a

proposed judgment order to counsel for the Debtors, but counsel for the Debtors did not provide comments or otherwise respond to the proposed judgment order.  Instead, in July 2024, the Debtors filed a motion seeking to set aside the yet-to-be-entered judgment and for dismissal with prejudice of the Arizona proceedings on grounds that such proceedings were barred by the discharge injunction imposed by Section 524(a) of the Bankruptcy Code as a result of this Court's discharge order issued on May 7, 2024 [Dkt. No. 45].

7. The Franchisor Parties filed a response in opposition to the Debtors' motion to set aside the judgment and dismiss, a true and complete copy of which (including exhibits, which were not included with the copy that was attached as Exhibit G to the Debtors' Motion to Reopen) is attached hereto as **Exhibit 1**.  In the response, the Franchisor Parties confirmed (at pp. 3-4) that they are not seeking to collect monetary damages from the Debtors:

> As to the monetary component of the Court's anticipated Judgment, the answer is simple.  Petitioners have already made crystal clear that, in seeking confirmation of the Arbitrator's Award, they were "not seeking to collect on the monetary component of the Final Award." (*See* Petitioners' Motion for Confirm Arbitration Award at p. 4 n.2.) Petitioners are simply asking this Court to confirm the Award, as required under Section 9 of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 9 (on an application for an order confirming an award, a "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title").  To the extent Petitioners have any right to "recover" any damages from the Ciancis, that is a matter that must be addressed by the bankruptcy court—respectfully not this Court—as the bankruptcy court itself made clear.

8. In August 2024, the Arizona court denied the Debtors' motion to set aside the judgment and dismiss, and it entered judgment against Joleyvie and the Debtors.  Thereafter, the Franchisor Parties recorded the judgment in the Circuit Court for Frederick County.

9. Joleyvie and the Debtors have appealed the Arizona court's judgment, but they have not sought a stay pending appeal.

10. Upon information and belief, the Debtors continue to violate the injunctive relief provisions of the arbitration award and judgment by their continued use of TLGI's confidential information and trademarks in connection with the operation of a competing business known as "Teeter Tots Music N Motion" located less than a mile away from the site of their former Little Gym franchise location. Accordingly, the Franchisor Parties have issued post-judgment discovery for purposes of determining the Debtors' competitive activities, including their involvement in the Teeter Tots business.

### Response and Limited Objection to Motion to Reopen

11. The Franchisor Parties support the reopening of bankruptcy case, but they object to the Debtors' request that the case be reopened for the limited purpose of considering the Debtors' request to enforce the discharge injunction.

12. The Franchisor Parties have discovered that, in November or December 2023, Tiffany Cianci acquired the assets of another The Little Gym® location, this one located in Springfield, Illinois. Upon information and belief, the assets of this former Little Gym location were transferred, in whole or in part, to an Illinois limited liability company known as Pier 3043, LLC. The Franchisor Parties also have discovered that (i) at the time of the Debtors' bankruptcy filing, Mrs. Cianci was the Manager and a likely owner of an interest in Pier 3043, LLC and/or the assets it owns, and (ii) in the weeks following the Debtors' bankruptcy filing, Mrs. Cianci became the Registered Agent for the company. A true and complete copy of the Articles of Organization for Pier 3043, LLC filed on December 21, 2023 with the Illinois Secretary State is attached hereto as **Exhibit 2**, and a true and complete copy of the Statement of Change of Registered Agent for Pier 3043, LLC filed on February 15, 2024 with the Illinois Secretary of State is attached hereto as **Exhibit 3**.

13. In responding to Question 19 of Schedule A/B, a debtor is required to disclose any ownership interest in a non-public business, "including an interest in an LLC[.]" In their Schedules filed with this Court on January 25, 2024, the Debtors identified Mrs. Cianci's ownership interest in Joleyvie (as set forth below), but they did not identify Mrs. Cianci as having an ownership interest in Pier 3043, LLC. *See* Dkt. No. 1 at p. 15.

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ☐ No
    ■ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| Joleyvie, LLC | Tiffany Cianci - 100% ownership % | $0.00 |

14. Upon the reopening of the Debtors' bankruptcy case, the Franchisor Parties intend to file a motion pursuant to Federal Rule of Bankruptcy Procedure 2004 for discovery to determine the nature and extent of Mrs. Cianci's interest in Pier 3043, LLC. Accordingly, the Franchisor Parties submit that this Court's order reopening the bankruptcy case should not be limited in scope.

15. Finally, the Franchisor Parties dispute the Debtors' assertion that they have violated the discharge injunction. The Franchisor Parties have not taken any action to recover monetary damages from the Debtors, and they will not do so. To address the concern that recordation of the judgment in Maryland has triggered a lien against the Debtors' real estate, the Franchisor Parties have filed a notice in the Maryland court, a true and complete copy of which is attached hereto as **Exhibit 4**, to release any judicial lien against property owned by the Debtors that has arisen as a result of the recordation of the judgment. Further, the Franchisor Parties welcome the involvement of this Court in determining whether any guardrails are needed to ensure that the actions of the Franchisor Parties are reasonably tailored to enforce only the injunctive relief provisions of the arbitration award and the judgment.

WHEREFORE, for the reasons set forth herein and such other reasons that may be presented at any hearing on the Motion to Reopen, the Franchisor Parties request that the Court: (i) reopen the Debtors' bankruptcy case; and (ii) grant such other and further relief as is just and appropriate under the circumstances.

Dated: December 31, 2024

Respectfully submitted,

/s/ C. Kevin Kobbe
C. Kevin Kobbe (Bar No. 07968)
kevin.kobbe@us.dlapiper.com
DLA PIPER LLP (US)
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
Telephone: (410) 580-4189
Facsimile: (410) 580-3189

*Counsel for TLGI, LLC, Unleashed Brands, LLC and Stephen Polozola*